Morris A. Mechanic and Clarisse Mechanic v. Commissioner.
Mechanic v. Commissioner
Docket No. 78276.
United States Tax Court
T.C. Memo 1960-126; 1960 Tax Ct. Memo LEXIS 163; 19 T.C.M. (CCH) 667; T.C.M. (RIA) 60126; June 13, 1960
*163 Isador Deckelman, Esq., Fidelity Building, Baltimore, Md., for the petitioners. Joseph N. Ingolia, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1954 in the amount of $8,817.02, resulting from his determination that petitioners received additional unreported ordinary income of $15,000 in that year from William Glick. Petitioners now argue that they received $15,000 from Glick in 1954 but contend that this sum is taxable as a long-term capital gain. All of the facts herein have been stipulated. We incorporate herein by this reference the stipulation together with the exhibits attached thereto. Petitioners who are husband and wife live in Baltimore County, Maryland, and filed their joint income tax return for the year 1954 with the district director of internal revenue at Baltimore. For some years prior to June 26, 1954, Morris A. Mechanic, sometimes hereinafter referred to as "petitioner," owned and operated the 9-story Severn Apartment Building located in Baltimore, Maryland. On June 26, 1954, petitioner entered into a contract with William Glick *164 whereby he agreed to sell this property to Glick. The contract is as follows: "THIS AGREEMENT, made this Twenty-Sixty day of June, in the year Nineteen Hundred and Fifty-Four; witnesseth: "That in consideration of One Dollar hereby paid to the party of the first part by the party of the second part, it is agreed by MORRIS A. MECHANIC, party of the first part, to sell to WILLIAM GLICK, party of the second part, the property known as THE SEVERN APARTMENTS, located at the northeast corner of Mt. Vernon Place and Cathedral Street, in the City of Baltimore, Maryland, with all equipment, tools and furnishings therein as is, at and for the price of One Hundred and Sixty-Five Thousand Dollars ($165,000.00) in fee simple. "A deposit of Fifteen Thousand Dollars ($15,000.00) is hereby paid by the party of the second part, to the party of the first part, and the balance in cash is to be paid on day of settlement and transfer of title on the first day of August, 1954, or on the first day of September, 1954; all adjustments of income and operating expenses to be adjusted as of the day of settlement. "The party of the first part hereby agrees as a part of this agreement to obtain for the *165 party of the second part, if the party of the second part so desires, a first mortgage for an amount of One Hundred Thousand Dollars ($100,000.00) from The Equitable Trust Company, for five years, at 4 1/2% rate of interest, and amortization not to exceed 4 1/2% annually. "The party of the second part agrees to endorse personally the first Fifteen Thousand Dollars ($15,000.00) amortization and interest on principal of the mortgage if so requested by the Equitable Trust Company." Pursuant to this contract Glick deposited $15,000 with petitioner. Glick failed to perform the terms of this agreement and petitioner retained as his own the $15,000 which had been paid to him at the time the agreement of sale was executed. On September 15, 1954, both petitioner and Glick executed mutual general releases. Following the agreement of June 26, 1954, petitioner continued throughout the year 1954 to exercise complete control of the property. He paid all of the operating expenses of the property including any taxes, fire insurance premiums, costs of maintenance, and the like. He collected and retained all of the rents realized from the property. Other than the rights acquired as a result *166 of the execution of the agreement of sale Glick acquired no interest in the property. He did not take possession of the property and in no way exercised any control regarding its operation and maintenance. He received no income from the property and realized no expenses regarding it. In October of 1954 petitioner entered into an agreement with Edgar F. Berman whereby he agreed to sell to Berman the Severn Apartment Building property for a price of $150,000. The settlement of the sale to Berman was consummated in January of 1955. In their joint return filed for the year 1955 petitioners stated that the sale price of the property to Berman was $164,835. From these facts it is apparent to us that regardless of what equitable rights Glick may have temporarily acquired under the executory contract to sell dated June 26, 1954, there was in fact and for Federal tax purposes no sale of a capital asset by petitioner to Glick in 1954 for which he received $15,000. When Glick defaulted on the contract petitioner continued to keep as his own the $15,000 deposited with him. It is obvious that the parties to the contract treated this sum as liquidated damages. Thus at the end of the transaction *167 between petitioner and Glick no sale was carried out, petitioner retained his capital asset, and petitioner retained as his own the sum of $15,000. On the authority of the reasoning in Ralph A. Boatman, 32 T.C. 1188. Decision will be entered for respondent.